IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

JAYMEE BARRINGTON,

    Plaintiff,

v.

UNITED AIRLINES, INC.

    Defendant.

---

## NOTICE OF REMOVAL
---

    Defendant United Airlines, Inc., by and through counsel, Cathy Havener Greer and William T. O'Connell, III of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C.A. §§ 1331, 1332, 1441, and 1446, hereby files this Notice of Removal of the above action from the District Court, Denver County, State of Colorado to the United States District Court for the District of Colorado. Copies of all pleadings are filed with this Notice under 28 U.S.C. § 1446(a). As grounds for removal, Defendant states:

    1.    On February 15, 2021, Plaintiff Jaymee Barrington commenced an action against Defendant in the District Court, Denver County, State of Colorado, styled *Jaymee Barrington v. United Airlines, Inc.* Case No. 2021CV30562 (Complaint, attached hereto as **Exhibit A**).

    2.    Plaintiff served her Complaint on Defendant on March 2, 2021. (District Court Civil Summons and Service of Process Transmittal, attached hereto as **Exhibit B**).

3. Defendant's Notice of Removal is filed within the limits set forth in 28 U.S.C. § 1446, which requires removal within 30 days of receipt of service of process by Defendant. All procedural requirements related to the removal of this action have been satisfied.

4. This is an action in which the district courts of the United States have original jurisdiction under the federal question provisions of 28 U.S.C. § 1331 because Plaintiff has asserted claims under Title VII (First and Second Claims for Relief) and the Railway Labor Act (Third Claim for Relief). The United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Denver County, State of Colorado where this action is pending, pursuant to 28 U.S.C. § 1441.

5. The district courts of the United States also have original jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Plaintiff Jaymee Barrington is a resident of Colorado. (**Exhibit A**, p. 5). Defendant is a Delaware corporation with a principal place of business in Chicago, Illinois. *See* Defendant's Corporate Disclosure Statement. Therefore, there is complete diversity of citizenship between the parties.

7. Without waiving Defendant's right to contest Plaintiff's ability to recover any particular amount of damages, the amount in controversy exceeds $75,000 based on Plaintiff's State Court Civil Cover Sheet.

8. While a defendant must establish the amount in controversy when it is not explicitly stated in a complaint, the defendant does not have to prove that $75,000 is in fact in controversy or that the plaintiff will in fact recover that amount. *See McPhail v. Deere & Co.*,

529 F.3d 947, 953-56 (10th Cir. 2008).  The "amount in controversy is not proof of the amount that the plaintiff will recover," but "is an estimate of the amount that will be put at issue in the course of litigation."  *Id.* at 956.  A defendant need only demonstrate that it is "*possible* that $75,000 [i]s in play." *Id.* at 955 (emphasis in original).

9. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  A civil cover sheet filed in State Court in which a Plaintiff asserts that more than $75,000 is at issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Inc. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

10. Once a defendant establishes contested facts that support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "'legally certain' that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954.  "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.*

11. In determining the amount in controversy, a court may look to the object sought to be accomplished by a plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). The "test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.*; *see also McPhail*, 529 F.3d at 954 (holding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose). In addition to claims for actual damages, claims for punitive damages and attorney's fees, where such fees are provided by statute or contract, are considered for purposes of determining whether the jurisdictional limit is met. *Geoffrey E. MacPherson,*

3

*Ltd. v. Brinecell, Inc*., 98 F.3d 1241, 1245 (10th Cir. 1996); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

12. Plaintiff's Civil Cover Sheet indicates that a monetary judgment over $100,000 is sought in this case. (Civil Cover Sheet, attached as **Exhibit C**).

13. Considering Plaintiff's claims, the damages she seeks including punitive damages and attorney's fees and her Civil Cover Sheet, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state case file of which Defendant is aware are filed with this Notice. There are no pending motions or hearings set in the State Court action.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Denver County, State of Colorado and a copy has been served on Plaintiff's counsel, as indicated on the attached certificate of service.

WHEREFORE Defendant United Airlines, Inc., removes this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 8th day of March 2021.

        Respectfully submitted,


        *s/ William T. O'Connell, III*
        Cathy Havener Greer
        William T. O'Connell, III
        Wells Anderson & Race, LLC
        1700 Broadway, Suite 1020
        Denver, CO 80203
        T: 303-830-1212
        E-mail:cgreer@warllc.com; woconnell@warllc.com

        **ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8th, 2021, a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using the CM/ECF system, and served upon the following email addresses:

John R. Olsen,
357 S. McCaslin Blvd.
Louisville, CO 80027
(303 828-5220
olsenbrown@comcast.net

*Attorney for Plaintiff Jaymee Barrington*

*/s/ April Barrett*
April Barrett, Legal Assistant
Email: abarrett@warllc.com