IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00694-CMA-NYW

JAYMEE BARRINGTON

     Plaintiff,
v.

UNITED AIRLINES, INC.

     Defendant.
_____

# ORDER
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant United Airlines, Inc.'s ("Defendant" or "United") Emergency Motion to Stay ("Motion to Stay" or the "Motion") [Doc. 50, filed September 15, 2021]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 8, 2021 [Doc. 6], and the Memorandum dated September 15, 2021 [Doc. 51]. This Order also accounts for the arguments made by counsel during the Status Conference held on September 21, 2021. [Doc. 53]. Having reviewed and considered the Motion, Response, Reply, and the applicable law, this court **DENIES** the Motion to Stay.

## PROCEDURAL BACKGROUND

Plaintiff Jaymee Barrington ("Plaintiff" or "Ms. Barrington") initiated this action in Denver District Court on February 15, 2021. [Doc. 3]. Defendant removed this action to the United States District Court for the District of Colorado on March 8, 2021 [Doc. 1], after which it was referred to the undersigned Magistrate Judge. [Doc. 6]. United filed a

Motion to Dismiss Plaintiff's Complaint on April 13, 2021. [Doc. 11]. In response to the Motion to Dismiss, Ms. Barrington filed an Opposed Motion to File First Amended Complaint [Doc. 23], as well as a Response to the Motion to Dismiss [Doc. 25]. On May 26, 2021, Plaintiff sought to withdraw her Motion to File First Amended Complaint and replace it with a Motion to File a Revised First Amended Complaint. [Doc. 26]. The presiding judge, the Honorable Christine M. Arguello, granted in part and denied in part Plaintiff's requests to file a First Amended Complaint. [Doc. 30]. In doing so, Judge Arguello ordered Plaintiff to file an amended complaint compliant with Federal Rule of Civil Procedure 8 and of less than 20 double-spaced pages. [*Id.*]. On June 11, 2021, Plaintiff filed her Revised First Amended Complaint and Jury Demand in which she asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Colorado Anti-Discrimination Act, C.R.S. § 24-34-301 *et seq.*, and Colorado common law. [Doc. 57; *see also* Doc. 31-1].[1]

On June 25, 2021, Defendant filed Defendant's Motion to Dismiss First Amended Complaint and Jury Demand ("Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. 36]. Plaintiff filed her response to the Motion to Dismiss on July 18, 2021 [Doc. 45] and United filed its reply on August 2, 2021 [Doc. 49]. The Motion to Dismiss remains pending before Judge Arguello.

On September 2, 2021, United filed the instant Motion to Stay [Doc. 50]. In the

---

[1] Plaintiff filed her Revised First Amended Complaint and Jury Demand [Doc. 31-1] as an attachment to a Notice of Filing of Amended First Amended Complaint and Jury Demand [Doc. 31]. For the purposes of clarity, on June 16, 2021, this court ordered that the Clerk of the Court docket the Revised First Amended Complaint and Jury Demand [Doc. 31-1] as a separate docket entry. *See* [Doc. 33 at 4 n.1]. Accordingly, the Revised First amended Complaint and Jury Demand is docketed separately at [Doc. 57], and the court will cite to that docket entry [Doc. 57] herein.

2

Motion, United requests the court "stay proceedings pending resolution of [United's] motion to dismiss and any subsequent pleading challenges, and vacate the current scheduling order." [Doc. 50 at 2]. United explains that it "requests this relief on an emergency basis because Plaintiff's deposition is scheduled for September 22, 2021." [*Id*.]. On September 21, 2021, the court held a telephonic status conference with the Parties to discuss the issues outlined in the Motion to Stay, and Defendant informed the court that it rescheduled Plaintiff's deposition for October 19, 2021. *See* [Doc. 53]. Pursuant to the court's order [*id*.], Plaintiff filed a response to the Motion to Stay on September 24, 2021 [Doc. 54], and Defendant filed its Reply on September 28, 2021 [Doc. 56]. The Motion to Stay is thus ripe for determination.

## FACTUAL BACKGROUND

The court draws the following allegations from the operative First Amended Complaint [Doc. 57]. In the First Amended Complaint, Ms. Barrington recounts her history of employment and litigation with United, including a trial and appeal before the United States Court of Appeals for the Tenth Circuit, in *Barrington v. United Airlines*, Civil Action No. 15-cv-590-CMA-MLC (D. Colo.) ("2015 Action"). [*Id.* ¶¶ 16–33]. Ms. Barrington alleges that throughout 2018, she applied for positions for which she was qualified but denied due to her prior complaints of discrimination and retaliation. [*Id*. ¶¶ 34–45]. For instance, she applied for a position of Area Manager in May 2018, but United ultimately awarded the position to someone else. [*Id.* ¶ 36]. Ms. Barrington also applied for the position of Senior Supervisor – Airport Operations Customer Service. [*Id.* ¶ 37]. Despite her qualifications, United did not select her due to her prior complaints of discrimination and retaliation. [*Id.* ¶¶ 37–39]. Ms. Barrington also applied for the position of Senior

3

Supervisor – Airport Operations Ramp Service, but United ultimately awarded the position to another person with higher performance ratings. [*Id.* ¶ 38]. Ms. Barrington contends these positions were ultimately awarded to employees who had not complained about discrimination. [*Id.*].

On or about December 1, 2018, Ms. Barrington was given a "Documented Verbal Warning" for allegedly "holding a kneel off a flight," "having a verbal conflict with peers," and speaking disrespectfully during a briefing. [*Id.* ¶ 45]. On September 20, 2019, Ms. Barrington filed a charge of discrimination with the EEOC (the "Second Charge") related to the Documented Verbal Warning. [*Id.* ¶ 47].

Ms. Barrington also contends that United maintains a formal policy that requires employees who have alleged—and/or participate in the investigation of allegations of—discrimination, retaliation, or other adverse treatment to sign a confidentiality agreement requiring "silence" from the employees. [*Id.* ¶¶ 50–58]. Ms. Barrington alleges that she was also directly threatened by corporate management and others that she could not discuss the Documented Verbal Warning with anyone, which she contends "disabled her from defending herself" and constituted an "illegal mechanism of discrimination/retaliation." [*Id.* ¶¶ 59–61]. Ms. Barrington further contends that United delays, and refuses to disclose witnesses named in, such investigations—both of which constitute further mechanisms of illegal discrimination and retaliation. [*Id.* ¶¶ 65–69].

Based on these allegations, Ms. Barrington asserts the following claims against United: (1) violation of Title VII of the Civil Rights Act and the Colorado Anti-Discrimination Act ("CADA") based on "adverse employment actions" including failure to promote, imposition of an adverse discipline with threat of firing, failure to timely complete internal

appeals, refusal to provide names of witnesses, and imposing and implementing a mechanism of discrimination and retaliation by issuing an undifferentiated and general "Muzzling Policy" ("Count I"); and (2) a violation of public policy of the United States and Colorado arising from the "corporate muzzling and silencing policies and threats" ("Count II"). She seeks a declaratory judgment and injunctive relief and monetary damages. [*Id.* at 19].

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

United addresses the *String Cheese* factors in support of the Motion to Stay. First, United argues that Plaintiff will not be prejudiced by a stay because Plaintiff's interests in litigating expeditiously are "inconsistent with Plaintiff's conduct" in this case, particularly related to Plaintiff's prior requests for extensions of time, her "defective complaints," and that some of the events giving rise to this action occurred years before Plaintiff initiated this action in 2021. *See* [Doc. 50 at 7]. United also argues it would be burdened if this case proceeds by incurring "significant costs in meeting and conferring with counsel over written discovery and filing motions related to the same; taking and defending depositions; and engaging an expert witness…even though the Court's ruling on the motion to dismiss could render it entirely unnecessary." [*Id*.]. Second, United argues that a stay "will advance the interest of the [c]ourt and the public" by allowing the court "to devote its limited time and resources to resolving the case dispositive [Motion to Dismiss] rather than to ancillary disputes," and the public's interest generally "align with the [c]ourt's." [*Id.* at 8–9]. Third, United argues that non-parties would be affected if the Parties proceed on the current schedule because the remainder of discovery "will likely require the investment of significant time and effort from various third parties…and non-management United employees" who "have an interest in minimizing their participation in this litigation." [*Id*. at 9].

Ms. Barrington opposes the Motion. Ms. Barrington responds that she will be prejudiced by a stay of discovery because "she is about to be placed on involuntary leave without pay and then terminated" by United due to her "religious accommodation against the COVID vaccine." [Doc. 54 ¶ 2]. Specifically, Ms. Barrington

6

asserts that United "is declining to provide an accommodation for [her] religious exemption," a separate issue she states is "presently being litigated in the United States District Court for the Northern District of Texas." [*Id*. ¶ 4]. Ms. Barrington also argues that the Motion to Stay should be denied because United played a role in causing some of the delays in this action. [*Id*. ¶ 39]. Finally, Ms. Barrington contends that United's concerns about the costs of litigation are "frivolous" given United's size and number of employees, the number of attorneys working on this case, and that United has scheduled only one deposition in this case: Ms. Barrington's. [*Id*. ¶ 40]. The remainder of Plaintiff's Response brief discusses the legal standard for granting a motion to dismiss; recites allegations from her First Amended Complaint [Doc. 57]; and sets forth Plaintiff's arguments in opposition to the pending Motion to Dismiss [Doc. 36]. [*Id*. ¶¶ 7–38].

As a preliminary matter, a stay is not warranted merely because Defendant filed a Motion to Dismiss that it believes is dispositive of the matter. Indeed, as discussed above, it is well-settled that stays are generally disfavored in this District. *See Giuffre v. Marys Lake Lodge, LLC*, No. 11-cv-00028-PAB-KLM, 2012 WL 1361611, at *1 (D. Colo. Apr. 19, 2012). However, this court also notes that the Motion to Stay is not the appropriate context to argue the merits of the Motion to Dismiss, particularly given the fact that the Motion to Dismiss has not been referred to this Magistrate Judge for Recommendation. *See Sexton v. City of Colo. Springs*, No. 20-cv-00108-PAB-KMT, 2020 WL 1875146, at *4 (D. Colo. Apr. 15, 2020). In any event, "'no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion[s] or the ultimate merits of this case.'" *Id*. (*quoting Sanchez v. City & Cty. of Denver*, Colo., No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 n.3

7

(D. Colo. Feb. 26, 2020)) (further citations omitted). Thus, this court's analysis focuses on the application of the *String Cheese* factors to the particular circumstances presented by this action.

As to the first *String Cheese* factor, while the court acknowledges that every plaintiff has a general interest in proceeding to the merits of her cases, the court finds that Plaintiff has not articulated a specific interest in expeditiously litigating this action tied to the underlying claims. Plaintiff's Response does not address her basis for seeking to litigate expeditiously, and the prejudice she identifies relates to United's COVID-19 vaccine accommodation policy, which Plaintiff acknowledges is not at issue in this case. *See* [Doc. 54 ¶ 4]. Indeed, it is difficult to see how Plaintiff's concerns with a separate "class action" related to Plaintiff's "religious exemption" to United's COVID-19 vaccination policy, [*id*.], implicate the issues in this case—a sex discrimination matter with allegations unrelated to the COVID-19 vaccination and which preceded the COVID-19 pandemic altogether, *see generally* [Doc. 57]. Therefore, the first factor is neutral at best.

As to the second *String Cheese* factor, the court concludes that Defendant has not demonstrated it will suffer prejudice in the absence of a stay. The court is not persuaded that Defendant will be burdened by incurring "significant costs" related to discovery. *See* [Doc. 50 at 7]. As Plaintiff points out, Defendant has scheduled only one deposition in this case: Plaintiff's. [Doc. 54 ¶ 40]. And Defendant has not demonstrated that this single deposition will impose an undue burden on Defendant. Indeed, while United filed the Motion to Stay on September 15, 2021 on "an emergency basis" because Plaintiff's deposition was scheduled one week later on September 22, [Doc. 50 at 2], United has already rescheduled Plaintiff's deposition for October 19, 2021, *see* [Doc. 53], thus

8

indicating its intention to press forward with discovery notwithstanding the pending Motion to Dismiss. The remaining discovery burdens cited by Defendant—"meeting and conferring with counsel over written discovery and filing motions related to the same; taking and defending depositions; and engaging an expert witness," [Doc. 50 at 7]—do not appear out of the ordinary here; and the court is not persuaded that Defendant will suffer prejudice beyond ordinary burdens of litigation in the absence of a stay. *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."); *cf. Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) (concluding that the defendant would not be prejudiced in the absence of a stay pending resolution of its Motion to Dismiss because the "ordinary burdens associated with litigating a case do not constitute undue burden."). Accordingly, the second factor weighs against a stay.

With respect to the third, fourth, and fifth *String Cheese* factors, neither the convenience to the court nor the interests of nonparties and the public warrant a stay of this matter. Although this court acknowledges that discovery in this matter may result in disputes for this court's consideration, this possibility does not outweigh the court's determination that it is most efficient to move forward without a stay. Should discovery disputes arise, the Parties shall adhere to the undersigned's procedures for scheduling informal discovery dispute resolutions. Relatedly, while the public may have an interest in not wasting court resources, this court is not convinced that such is the case here.

Further, it is unclear to what extent the interests of nonparties will be impacted by discovery in this matter; thus, this factor neither favors nor counsels against a stay.

In sum, the *String Cheese* factors do not weigh in favor of staying discovery pending resolution of Defendant's Motion to Stay. The court therefore concludes that a stay is not warranted.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1)   Defendant's Emergency Motion to Stay [Doc. 50] is **DENIED**.

DATED:  October 1, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge